57,250-13

IN THE UNITED STATES
DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CAUSE NO. WR-57-250-13

DONALD GENE BLANTON,
                    PETITIONER,

Vs.

RICK THALER,
          DIRECTOR, TDCJ-CID,
                    RESPONDENT,

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 09 2015

Abel Acosta, Clerk

NOTICE OF APPEAL

PURSUANT TO RULE 4(a), FEDERAL RULES
OF APPELLATE PROCEDURE, PETITIONER
DONALD GENE BLANTON, PROCEEDING PRO SE,
HEREBY APPEALS FROM THE DENIAL
OF THE COURT OF CRIMINAL APPEALS
ON THE 28TH DAY OF NOVEMBER, 2015.

FILED CONTEMPORANEOUSLY WITH THIS
NOTICE OF APPEAL, PETITIONER HAS
RESPECTFULLY SUBMITTED AN

APPLICATION FOR CERTIFICATE OF APPEALABILITY FROM THE DISTRICT COURT PURSUANT TO 28 U.S.C.A. § 2253(c) AND 2254.

This NOTICE OF APPEAL WAS SIGNED AND SUBMITTED TO PRISON MAIL AUTHORITIES FOR MAILING ON THIS THE 13TH DAY OF NOVEMBER, 2015.

RESPECTFULLY SUBMITTED,
Donald Gene Blanton

CERTIFICATE OF SERVICE

I, DONALD G. BLANTON, TDCJ-CID #1307891, DO HEREBY CERTIFY THAT A TRUE A CORRECT COPY OF THE FOREGOING PLEADING WAS SERVED VIA U.S. MAIL, FIRST CLASS POSTAGE PREPAID, UPON COURT OF CRIMINAL APPEALS JUSTICES P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS, 78711. ON THIS THE 13TH DAY OF NOVEMBER, 2015.

Donald Gene Blanton

2.

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF TEXAS
DALLAS DIVISION

DONALD GENE BLANTON,
                    PETITIONER,

VS.

RICK THALER,
          DIRECTOR-TDCJ-CID,
                    RESPONDENT,

CAUSE NO.# WR-57,250-13

APPLICATION FOR CERTIFICATE
OF APPEALABILITY WITH
STATEMENT OF REASONS IN SUPPORT

PURSUANT TO 28 U.S.C. § 2253(c),
RULE 22, FEDERAL RULES OF APPELLATE
PROCEDURE (FRAP),

And Local Rules of the Fifth Circuit Court of Appeals, Petitioner Donald Gene Blanton, hereinafter "Petitioner", hereby Requests that the U.S. District Court issue a Certificate of Appealability, hereinafter "COA", permitting Petitioner to appeal from the final judgment entered by the Honorable Justices of Court of Criminal Appeals on October 28, 2015, Denying Petitioner's Motion For Leave To File, Motion on Based of Actually Innocence upon State's Fraudulent Evidence In Writ of Habeas Corpus, And

2.

Petitioner's Motion For Leave To File, The Original Application For Writ Of Mandamus. Also Petitioner's Motion For Leave To File, Motion For Rule 201 Judicial Notice Texas Rules Of Evidence Of Applicant Actually Innocence... ~~In The~~ Above Styled And Numbered Cause. Concurrently With this Application For Certificate Of Appealability, Petitioner Has Filed A Timely Notice Of Appeal.

3.

ISSUES ON WHICH CERTIFICATE OF APPEALABILITY IS SOUGHT

## ISSUE #1

WHETHER THE TEXAS COURT OF CRIMINAL APPEALS AFFORDED PETITIONER THE DUE PROCESS OF LAW GUARANTEED BY THE UNITED STATES CONSTITUTION, WHEN IGNORED PETITIONER ACTUALLY INNOCENCE.

## ISSUE #2

WHETHER THE TEXAS COURT OF CRIMINAL APPEALS AFFORDED PETITIONER THE PROTECTION THE UNITED STATES CONSTITUTION DUE PROCESS OF LAW GUARANTEED, WHEN IGNORED STATE USED

4.

FRAUDULENT EVIDENCE TO SECURE
Conviction.

## ISSUE #3

WHETHER THE TEXAS COURT OF
CRIMINAL AFFORDED PETITIONER
THE DUE PROCESS OF LAW
GUARANTEED by THE UNITED STATES
Constitution, WHEN ACCEPTED STATES
FRAUDULENT EVIDENCE TO be TRUE
IN THE WRIT OF HABEAS CORPUS.

## ISSUE #4

WHETHER THE TEXAS COURT OF
CRIMINAL ERRED in failing TO
GRANT AN EVIDENTIARY HEARING
ON PETITIONER'S CLAIM OF
ACTUAL INNOCENCE based ON EVIDENCE

5.

Already in the record, which has resulted in an ongoing dispute over his Actually Innocence.

## Legal Standard For Issuance of COA

In the Supreme Court decision in Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029 (2003), the Court clarified the standards for issuance of a COA:

...A prisoner seeking a COA need only demonstrate a substantial showing of the denial of a constitutional right. A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court resolution of his constitutional claims or that jurists could conclude the

Issues presented are adequate to deserve encouragement to proceed further. Id. 123 S. CT. at 1034, citing Slack v. McDaniel, 529 U.S. 473, 484 (2000). Reduced to its essential, the test is met where the petitioner makes a showing that the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Id. at 1039, citing Barefoot v. Estelle, 463 U.S. 880 (1983). This means that the petitioner does not have to prove that the district court was necessarily "wrong" — just that its resolution of the constitutional claims is "debatable."

7.

We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in Slack, where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straight forward, the petitioner must demonstrate that reasonable jurists would find the court of criminal appeals assessment that reasonable jurists would find the the constitutional claims debatable or wrong.

6.

FOR THE REASONS STATED BELOW, THE ISSUES ON WHICH PETITIONER SEEK A COA ARE AT LEAST DEBATABLE AMONG JURISTS OF REASON. HENCE, AND EVEN THOUGH THIS COURT'S DECISION MIGHT ULTIMATELY BE AFFIRMED ON APPEAL, PETITIONER IS ENTITLED TO A COA ON THE ISSUES SET FORTH BELOW.

STATEMENT OF REASONS FOR ISSUANCE OF COA

## 1.

WHETHER THE TEXAS COURT OF CRIMINAL APPEALS AFFORDED PETITIONER THE DUE PROCESS OF LAW GUARANTEED BY THE UNITED STATES CONSTITUTION, WHEN IGNORED PETITIONER ACTUALLY INNOCENCE.

## Objection To The United States Constitution Due Process Violation

Petitioner Objected To The Above Referenced Constitution Due Process Violation Pursuant To The United States Constitution Fourteenth Amendment. When The Texas Court Of Criminal Appeals Denied Applicant's Motion On Based Of Actually Innocence Upon State's Fraudulent Evidence In Writ Of Habeas Corpus... When The Court Of Criminal Appeals Accepted The State's Findings Of Facts As Been True... When Petitioner Motion Clearly Showed The State's Fraudulent Evidence

10.

IN THE WRIT OF HABEAS CORPUS PROCEEDINGS TO SECURE THE CONVICTION SEE MOONEY v. HOLOHAN 294 U.S. 103, 55 S. Ct. 340, 79 L. Ed. 791 (1935), THAT JURISTS OF REASON COULD DISAGREE WITH THE COURT OF CRIMINAL APPEALS RESOLUTION OF PETITIONER'S ACTUALLY INNOCENCE AND CONSTITUTIONAL CLAIMS OR THAT JURISTS COULD CONCLUDE THE ISSUES PRESENTED ARE ADEQUATE TO DESERVE ENCOURAGEMENT TO PROCEED FURTHER CITING SLACK v. McDANIEL, 529 U.S. 473, 484 (2000). COURT OF CRIMINAL APPEALS IGNORED PETITIONER MERITORIOUS ACTUALLY INNOCENT CLAIM. WHEN ACCEPTED THE STATE'S FINDINGS OF FACTS TO BE TRUE

Petitioner motion clearly showed the State's fraudulent evidence and the Court of Criminal Appeals found the State failed to met their burden to proved _ALL_ elements of the charges beyond a reasonable doubt as required by the United States Constitution... Due Process is violated when a prosecutor fails to correct testimony he knows to be false, Alcorta v. Texas, 355 U.S. 28, 31, 78 S.Ct. 103, 105, 2 L.Ed. 2d 9 (1957).

The Court of Criminal Appeals erred in not granting a Actually Innocent hearing to review the evidence and testimony with regards to the Actually Innocence claim.

2.

WHETHER THE TEXAS COURT OF CRIMINAL APPEALS AFFORDED PETITIONER THE PROTECTION THE UNITED STATES CONSTITUTION DUE PROCESS OF LAW GUARANTEED, WHEN IT IGNORED STATE USED FRAUDULENT EVIDENCE TO SECURE CONVICTION.

---

THE COURT OF CRIMINAL APPEALS SEVERELY ERROR, PETITIONER OBJECTION TO THE DUE PROCESS VIOLATION, WHEN THE COURT OF CRIMINAL APPEALS SWIFTLY ACCEPTED THE STATE'S FRAUDULENT EVIDENCE AS BEING TRUE IN THEIR WRIT OF HABEAS CORPUS FINDINGS OF FACTS. WHEN PETITIONER CLEARLY SHOWED THE COURT OF CRIMINAL

13.

APPEALS Abused THEIR descretion
when Accepted STATE'S Frandulent
Evidence misdemeanor mari juana
And Rolling papers STATE'S Exhibit-C,
Exhibit-#4, STATE Had Dismissed
And Never Indicted Him for
Misdemeanor Mari juana And Rolling
Papers, That have sent A
Actually Innocence man To
Prison And Court of Criminal
APPEAls found Out THE STATE
Frandulent Evidence And Denied
Petitioner ORiginal Application
For Writ of Mandamus Erred
To Deny Petitioner Due Process
to order Trial Judge To Hold
A Actually Innocence Hearing

14c

When State have use false evidence to send a actually innocence man to prison see, Mooney v. Holohan, 294 N.S. 103, 55 S. Ct. 340, 79 L. Ed. 791 (1935),

The Court of Criminal Appeals erred when swiftly accepting the state's fraudulent evidence in the habeas corpus proceedings then deny petitioner writ of mandamus to order the trial judge to rule and hold a actually innocence hearing.

Petitioner has presented valid case law precedent to establish basis for his fourteenth amendment claim which is debatable amongst jurists of reason, therefore, petitioner

15.

is ENTITLED TO A COA REGARDing this issue.

### 3 AND 4 CLAIMS
### ABANDONMENT

## Conclusion

THE COURT OF CRIMINAL APPEALS SUBVERTED THE ADVERSARIAL PROCESS UPON WHICH OUR SYSTEM of jurisprudence is BASED WHILE DENYING DUE PROCESS of lAW GUARANTEED by THE UNITED STATES CONSTITUTION. JUSTICE HAS NOT BE SERVED IN THIS CAUSE THUS FAR.

THE ISSUES discussed ABOVE ARE AT THE VERY LEAST, DEBATABLE AMONG JURISTS OF REASON AND/OR DESERVE TO BE DEVELOPED FURTHER. HENCE, IT IS

16.

RESPECTFULLY REQUESTED THAT COURT GRANT A CERTIFICATE OF APPEALABILITY ON THE issues identified AT THE OUTSET OF THIS APPlication.

DATED: NOVEMBER 13TH, 2015.

RESPECTFULLY SUBMITTED,

Donald Gene Blanton

## CERTIFICATE OF SERVICE

I, Donald B. BLANTON, (TDCJ-CID)# 1307891, do HEREBY CERTIFY UNDER PENALTY OF PERJURY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND foregoing APPlication FOR CERTIFICATE OF APPEALABILITY WITH STATEMENT OF REASONS IN SUPPORT HAS BEEN SERVED VIA U.S. MAIL FIRST CLASS POSTAGE UPON COURT OF CRIMINAL APPEAL JUSTICES,

17.

THROUGH THE CLERK ABEL ACOSTA,
COURT OF CRIMINAL APPEALS OF
TEXAS, P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS, 78711.

Donald Lee Blanton

18.